IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, ) ) ) | CIVIL NO. 09-00388 JMS/KSC |
| Plaintiff, ) ) ) | ORDER GRANTING PLAINTIFF STATE FARM FIRE & CASUALTY COMPANY'S MOTION FOR |
| vs. ) ) | SUMMARY JUDGMENT |
| QUENTIN R. KAHOOKELE, ) ) | |
| Defendant. ) _____ ) | |

## ORDER GRANTING PLAINTIFF STATE FARM FIRE & CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

On June 26, 2008, Bronson Ortiz ("Ortiz") filed a complaint in Hawaii

state court against his supervisor Quentin Kahookele ("Defendant"), and others,

seeking damages for injuries he sustained while working on a roof (the "underlying

action"). At the time Ortiz sustained his alleged injuries, Defendant had a

homeowner's insurance policy (the "Policy") issued by Plaintiff State Farm Fire &

Casualty Company ("Plaintiff"). Plaintiff filed this action seeking a declaration

that it is not required to indemnify and/or defend Defendant in the underlying

action because the Policy is not applicable to Ortiz' claims against Defendant.

On March 25, 2010, Plaintiff filed the present Motion for Summary Judgment ("Plaintiff's Motion").  Plaintiff contends that the Policy excludes coverage because Ortiz was injured in the course of a business pursuit or, in the alternative, while rendering a professional service -- both activities that are excluded from coverage under the Policy.  The court finds that the business pursuit exclusion applies and, based on the following, GRANTS Plaintiff's Motion.

## II.  BACKGROUND

### A.    Factual Background

#### 1.    *Ortiz' Employment and Injury*

Ortiz, an employee of Master Sheet Metal, Inc. ("Master Sheet Metal"), suffered injuries when he fell while working on a roofing project on June 30, 2006.  Plaintiff's Concise Statement of Material Facts ("Pl.'s SMF") ¶ 2.[1]  In the underlying action, Ortiz alleges that Defendant was a Master Sheet Metal employee and Ortiz' supervising foreman at the time of Ortiz' fall.  *Id.* ¶¶ 3, 6.  Ortiz further alleges that he was injured in whole or in part because Defendant failed to maintain a safe worksite, breached his duties to ensure that Master Sheet Metal complied with Hawaii's safety laws in construction standards, and failed to

---

[1]  Pursuant to Local Rule 56.1(g), the court deems Plaintiff's material facts admitted because Defendant did not controvert these facts by submitting his own concise statement of material facts -- indeed, Defendant failed to submit any opposition filings.

ensure that Master Sheet Metal's employees used fall protection and proper safety precautions while on the worksite.  *Id.* ¶¶ 5, 6.  Ortiz alleges that at the time of his fall, Defendant was acting within the course and scope of his employment with Master Sheet Metal.  *Id.*

In the underlying action, Ortiz alleges claims for negligence, vicarious liability, willful and wonton negligence, and punitive damages.  *Id.* ¶ 7.

### 2. *Defendant's Insurance Coverage*

At issue in this action is whether Ortiz' claims against Defendant are covered by the Policy.  The Policy identifies Defendant as a qualified insured, *id.* ¶ 9, and provides various coverages, including personal liability coverage of $300,000.  Quinn Decl. Ex. B at 3.[2]  In a section titled "Coverage L - Personal Liability," the Policy provides:

> If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:
>
> 1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and
>
> 2. provide a defense at our expense . . . .

---

[2] For ease of reference, the court counts the pages of Exhibit B sequentially.

*Id*. at 21 (emphasis in original).[3]

The Policy's Coverage L has a limited breadth, however, as set forth in the Policy's Exclusions section.  *Id*. at 22.[4]  Coverage L does not apply to "**bodily injury** or **property damage** arising out of **business** pursuits of any **insured**" or "**bodily injury** or **property** damages arising out of the rendering or failing to render professional services," among others.  *Id*. (emphasis in original). The Policy defines "business" as "a trade; profession or occupation."  *Id*. at 7.[5]

## B.    Procedural History

On August 20, 2009, Plaintiff filed a Complaint seeking a declaratory judgment that Plaintiff "owes no duty to defend and/or indemnify [Defendant], or to otherwise provide any insurance coverage to him under the Policy, for any claims, injuries, and/or damages which are alleged in the underlying lawsuit." Compl. ¶ 24(A).  On October 5, 2009, Defendant filed an Answer contending that the Policy provides for his defense and indemnity in the underlying action. Answer ¶ 15.

On March 25, 2010, Plaintiff filed its Motion.  Defendant did not file

---

[3]  Page 21 of Exhibit B is labeled as page 15 of the Policy.

[4]  Page 22 of Exhibit B is labeled as page 16 of the Policy.

[5]  Page 7 of Exhibit B is labeled as page 1 of the Policy.

an Opposition.  On May 19, 2010, Plaintiff filed a Reply.  On June 2, 2010, a

hearing was held.  At the hearing, the parties sought a continuance.  A subsequent

hearing was held on August 16, 2010.[6]

### III.  <u>STANDARD OF REVIEW</u>

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(c).  The burden initially lies with the moving party to show that there

is no genuine issue of material fact.  *See Soremekun v. Thrifty Payless, Inc.*, 509

F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986)).  If the moving party carries its burden, the nonmoving party "must do

more than simply show that there is some metaphysical doubt as to the material

facts [and] come forward with specific facts showing that there is a *genuine issue*

*for trial*."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87

(1986) (citation and internal quotation signals omitted).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on

which a reasonable fact finder could find for the nonmoving party, and a dispute is

'material' only if it could affect the outcome of the suit under the governing law."

---

[6] At the August 16, 2010 hearing, Defendant stated that he does not oppose Plaintiff's
Motion.

*In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party.  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.  DISCUSSION

Plaintiff contends that summary judgment is appropriate because the Policy excludes personal liability coverage for "bodily injury . . . arising out of business disputes . . . ."  Quinn Decl. Ex. B at 22.  Based on the following, the court agrees and, as a result, does not reach Plaintiff's arguments covering the professional services exclusion.

**A.**     ***Framework for Construing Insurance Contracts***

Pursuant to Hawaii Revised Statutes ("HRS") § 431:10-237, "[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, restricted, or modified by any rider, endorsement or application attached to and made a part of the policy."  Thus, under Hawaii law, courts must look to the language of the insurance policy to determine the scope of the insurer's duties.  *See Sentinel Ins. Co. v. First Ins. Co. of Haw.*, 76 Haw. 277, 287, 875 P.2d 894, 904 (1994); *see also Hawaiian Ins. & Guar. Co. v. Fin. Sec. Ins. Co.*, 72 Haw. 80, 87, 807 P.2d

1256, 1260 (1991) ("In the context of insurance coverage disputes, we must look to the language of the insurance policies themselves to ascertain whether coverage exists, consistent with the insurer and insured's intent and expectations."); *Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 945 (9th Cir. 2004) ("In Hawaii, the terms of an insurance policy are to be interpreted according to their plain, ordinary, and accepted sense in common speech.").

Insurance policies must nevertheless be construed "in accordance with the reasonable expectations of a layperson." *Hawaiian Isle Adventures, Inc. v. N. Am. Capacity Ins. Co.*, 623 F. Supp. 2d 1189, 1194 (D. Haw. 2009) (citing *Dawes v. First Ins. Co. of Haw.*, 77 Haw. 117, 121, 883 P.2d 38, 42 (1994)).  The Hawaii Supreme Court classifies insurance contracts as "contracts of adhesion" and "ha[s] long subscribed to the principle that [insurance contracts] must be construed liberally in favor of the insured and any ambiguities must be resolved against the insurer." *Guajardo v. AIG Haw. Ins. Co.*, 118 Haw. 196, 202, 187 P.3d 580, 586 (2008) (citing *Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 411-12, 992 P.2d 93, 106-07 (2000) (internal citations, quotation marks, brackets, and ellipses omitted)).

An insurance company's duty to defend is broader than its duty to indemnify and "arises whenever there is the mere potential for coverage."

7

*Commerce & Indus. Ins. Co. v. Bank of Haw.*, 73 Haw. 322, 326, 832 P.2d 733,

735 (1992) (citations omitted).  "Where pleadings fail to allege any basis for

recovery within the coverage clause, the insurer has no obligation to defend."

*Burlington Ins. Co.*, 383 F.3d at 944 (citing *Hawaiian Holiday Macadamia Nut Co.*

*v. Indus. Indem. Co.*, 76 Haw. 166, 170, 872 P.2d 230, 233 (1994) (citations

omitted)).

**B.     Application of Framework**

The plain and ordinary meaning of the Policy's "business pursuits"

exclusion precludes coverage for Ortiz' bodily injury.  The Policy provides that

Coverage L does not apply to "**bodily injury** or **property damage** arising out of

**business** pursuits of any **insured**."  Quinn Decl. Ex. B at 22.

Here, Ortiz suffered bodily injury in his capacity as an employee of

Master Sheet Metal while allegedly being supervised by Defendant, also an

employee of Master Sheet Metal.  Pl.'s SMF ¶¶ 2, 5, 6.  Ortiz alleges that

Defendant failed to maintain a safe worksite and comply with Hawaii's safety laws

and standards.  *Id*. ¶¶ 5, 6.  Ortiz is thus suing Defendant in the underlying action

for bodily injury damages allegedly arising out of Defendant's performance as an

employee of Master Sheet Metal.

Defendant's work for Master Sheet Metal is a "business pursuit"

according to both the plain language of the Policy and the two-part test in *Armed Forces Insurance Exchange v. Transamerica Insurance Co.*, 88 Haw. 373, 966 P.2d 1099 (Haw. Ct. App. 1998), for determining whether an activity constitutes a business pursuit.  The Policy broadly defines "business" as "a trade; profession or occupation."  Quinn Decl. Ex. B at 7.  Employment by Master Sheet Metal, a roofing company, is such a "a trade; profession or occupation."  Similarly, *Armed Forces Insurance* held that a business pursuit requires "both (1) a continuity or recurring character of the activity, and (2) a profit motive must exist."  *Armed Forces Ins.*, 88 Haw. at 380, 966 P.2d at 1106.  Given that Defendant's employment was recurrent and for the purpose of earning an income, the *Armed Forces Insurance* definition of business pursuit is also satisfied here.  Accordingly, the court finds that Ortiz' claim against Defendant in the underlying action is a claim for "bodily injury . . . arising out of business pursuits of" Defendant.  The Policy plainly excludes liability coverage for such a claim.

The Policy's "business pursuits" exclusion likewise absolves Plaintiff of a duty to defend Defendant.  As just discussed, the pleadings in the underlying action fail to allege any basis for recovery within the Policy.  As a result, Plaintiff owes no duty to Defendant in the underlying action.

In sum, the court finds that Plaintiff owes no duty to indemnify or

9

defend Defendant in the underlying action.

## V.  <u>CONCLUSION</u>

Based on the above, the court GRANTS Plaintiff's Motion.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 23, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*State Farm Fire & Cas. Co. v. Kahookele*, Civ. No. 09-00388 JMS/KSC, Order Granting Plaintiff State Farm Fire & Casualty Company's Motion for Summary Judgment